# UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA

Ernie Brookins, Gail Brookins,

File No. 3:19-cv-162

Plaintiffs,

v.

**NOTICE OF REMOVAL FROM
THE EAST CENTRAL JUDICIAL
DISTRICT COURT, CASS COUNTY,
NORTH DAKOTA**

Caterpillar Inc.

Defendant.

To:    Clerk of Court, United States District Court, District of North Dakota

Please take notice that Defendant Caterpillar Inc. hereby removes this case from the Cass County District Court for the State of North Dakota to the United States District Court for the District of North Dakota pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, based upon the following grounds for removal:

1.    Attached as Exhibits A, per 28 U.S.C. § 1446(a), is a copy of all process, pleadings, and orders in the state court action, namely the Service of Process, Summons, and Complaint with Exhibits P1-P20 served on Caterpillar Inc. on July 5, 2019.

2.    Pursuant to § 1446(b)(2)(A), Caterpillar Inc. is the only defendant and thus all defendants are joined in and consent to removal of this action.

3.    The state court Complaint was served on July 5, 2019, defendant has not filed an answer in state court, and this action is timely removed under § 1446(b)(2)(B).

4.     Because Plaintiff sought to bring this action in a North Dakota state court, removal to the United States District Court for the District of North Dakota is a proper venue under 28 U.S.C. § 1441.

5.     Plaintiffs Ernie and Gail Brookins are citizens of the State of North Dakota, (Complaint, ¶ 2), and Defendant Caterpillar Inc. is incorporated in the State of Delaware and its principal office is in the State of Illinois (Id., ¶ 3), accordingly there is complete diversity of citizenship as required for jurisdiction under 28 U.S.C. § 1332. In multiple prior actions against Caterpillar Inc. in this Court, Plaintiffs have made clear that they estimate their alleged damages on the identical set of facts set forth in the current complaint to be in the millions of dollars, and have emphasized to the Court that they already have collected at least $2,321,486 in damages and licensing revenue from their patents. Doc. 3:19-cv-13 12 pp. 2-3. Thus, the Court can and should legally conclude that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See, e.g.*, *Kopp v. Kopp,* 280 F.3d 883, 885 (8th Cir. 2002) ("The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude they are."). As a result, jurisdiction exists in this Court under  § 1332, and removal is proper under § 1441(b).

6.     Alternatively or additionally, this matter is removable under 28 U.S.C. § 1441(c), 28 U.S.C. § 1331, and § 1338. Plaintiffs already have pursued causes of action twice in federal court here based on the identical set of operative facts now presented for a third time in the new state court Complaint. *See* Cases No. 3:18-cv-129-DLH-ARS and

No. 3:19-cv-29-DLH-ARS. In the -129 case, "Brookins asserted six tort claims against Caterpillar," based on "[his] content[ion that] Caterpillar provided false information to the PTAB during the court of the IPR proceedings." Doc. 3:18-cv-129 48 pp. 1-3, 9, 14. As this Court recognized in dismissing the -129 case, Inter Partes Review (IPR) proceedings were created by and are exclusively governed by federal patent law, and federal case law "prevents Brookins from maintaining an abuse of process claim based on Caterpillar's conduct during the IPR proceedings, and Caterpillar's submission of the IPR petition to this court . . . does not constitute an abuse of process." Doc. 3:18-cv-129-DLH-ARS 48 p. 15; *see* 28 U.S.C. § 1338(a). Notwithstanding the dismissal of the -129 case, Plaintiffs raised the same issues again in the -029 case regarding the alleged continued validity of U.S. Patent No. 7,824,290, despite the Final Written Decision of the PTAB determining all claims of the '290 Patent to be invalid, which Brookins did not appeal. Doc. 3:19-cv-029-DLH-ARS 19 p. 3. Plaintiffs' new Complaint asks nothing more than that the Court address for a ***third time*** whether, under federal patent law, Mr. Brookins's '290 Patent claims "[are] still valid as a hydraulic clutch," and thus statements to the contrary to the PTAB and this Court were false.  Accordingly, jurisdiction is proper in this Court, again, under 28 U.S.C. §§ 1338(a), 1331, 1441(c)(1)(A), and 1446.

7.     Defendant will promptly serve Plaintiffs with a copy of this Notice of Removal and file a copy of this Notice of Removal with the Cass County District Court, as required by 28 U.S.C. § 1446(d).

8.      Defendant reserves all of their defenses and objections to the Complaint,

the right to respond to the Complaint in any manner, and amend or supplement this Notice

of Removal as necessary.

WHEREFORE, Defendant Caterpillar Inc. requests that this matter be removed

from the Cass County District Court for the State of North Dakota, to the United States

District Court for the District of North Dakota, and that all further proceedings be held

before this Court.


Dated:  26 July 2019          /s/ David P. Swenson
                              David P. Swenson (0265214)
                              Larkin Hoffman Daly & Lindgren Ltd.
                              8300 Norman Center Drive
                              Suite 1000
                              Minneapolis, Minnesota 55437
                              Tel.: (952) 835-3800
                              dswenson@larkinhoffman.com

                              *Attorneys for Defendant*